■ DEVEAU CONCRETE CORPORATION, Appellant, v UNIVERSAL BUILDERS SUPPLY CO., INC., Respondent.—In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered April 10, 1974, in favor of defendant, upon a jury verdict. Judgment reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. No questions of fact were raised or considered on this appeal. Plaintiff, a concrete subcontractor, rented certain specialized construction equipment from defendant which defendant represented would expedite the pouring of cement over a large area and would produce a concrete slab, the thickness and elevation of which would be within the tolerances required by the contractor. No written agreement accompanied the rental. In the course of the pouring of the cement it was determined that the elevation of the underside floor of the

slab being constructed was beyond the specified tolerance. A 10-day delay ensued before a newly-devised substitute method was put into effect. Plaintiff alleged that substantial damages were caused it by the delay and by the extra expense of the substitute method. The chief issue was whether the equipment had performed as represented or whether plaintiff was at fault for misuse of the equipment. The trial court charged the jury generally as to breach of contract and also specifically as to implied warranty of fitness for use. As to breach of contract, the charge stated, in part: "Now, the elements of an action for a breach of contract, which we have in this case * * * are: 1. The formation and existence of a contract between the plaintiff * * * who rented * * * [the equipment] and the defendant * * * who rented * * * [the equipment] and sold material to the plaintiff. So we have got to have an agreement. First of all you have got to find between these two that there was such an agreement." At the close of the charge, and in the presence of the jury, the trial court asked for exceptions and requests to charge. The following colloquoy then ensued between plaintiff's attorney and the Trial Judge: "MR. BIRNBAUM: I most respectfully request that your Honor charge the jury that for there to be a contract there needn't be any writing, that a contract may be oral as well as written. THE COURT: That is refused except as so charged. MR. BIRNBAUM: That is refused? I most respectfully except. THE COURT: That's right." The jury interrupted its deliberations to request the reading of the testimony of a witness and "The charge on the contract." The latter included the requirement that plaintiff must prove "the formation and existence of a contract", and that in order for plaintiff to recover "you have got to find between these two that there was such an agreement." The jury returned a verdict in favor of defendant. It was error for the trial court to refuse to charge as requested, particularly since there was no dispute between the parties as to the existence of a contract. It therefore should not have charged that plaintiff was required to prove the contract's existence. Although it seemed implicit in other portions of the charge that there had in fact been an agreement of rental, we believe the jury could well have been confused by the trial court's explicit requirement that, for plaintiff to recover, it must prove "the formation and existence of a contract". Such confusion would have been increased by the court's statement, in the presence of the jury, that it would refuse to charge that a contract need not be in writing. That the jury may have believed that plaintiff could not recover, absent a written contract, is demonstrated by its request for a new reading of "the charge on the contract". Plaintiff is therefore entitled to a new trial. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.